IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

EDWARD THURMAN,
ADC #084186                                                                    PLAINTIFF

V.                    CASE NO. 1:16-CV-00146 DPM/BD

QUEEN, et al.                                                                  DEFENDANTS

### RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.**   **Background**

Edward Thurman, an Arkansas Department of Correction inmate, filed this civil rights lawsuit claiming that Defendants Queen, Downing, and Spurlock violated his eighth amendment rights in June, 2016, by unlawfully placing him in restraints.  Mr. Thurman also alleged that Defendants Williams, Inman, and Day failed to adequately train Defendants Queen, Downing, and Spurlock, and that Defendants Payne, Williams,

and the Doe Defendants failed to properly process his grievances.

The Court has already dismissed Mr. Thurman's claims against Defendants Stephen Williams, Inman, Day, Barbara Williams, Payne, and the Doe Defendants, as well as official-capacity claims for money damages against Defendants Queen, Downing, and Spurlock. (#14) The Court allowed Mr. Thurman to proceed on his excessive-force claims against Defendants Queen, Downing, and Spurlock in their individual capacities.

Defendants Queen, Downing, and Spurlock have now moved for summary judgment on Mr. Thurman's excessive-force claims, arguing that he failed to fully exhaust his administrative remedies as required by the Prison Litigation Reform Act. (#15) Mr. Thurman has responded to the Defendants' motion. (#21)

Based on the evidence presented, the Court recommends the Defendants' motion for summary judgment (#15) be GRANTED. Mr. Thurman's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

### III. Discussion

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss all claims that were not fully exhausted before suit was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the

proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory"). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218; see also *Woodford*, 548 U.S. at 90–91. Thus, to satisfy the PLRA's exhaustion requirement, a prisoner must fully comply with the specific procedural requirements of the prison or jail where he is held. *Id.*

Prisoners can be excused from exhausting administrative remedies only in limited circumstances, such as when correction officials prevent a prisoner from using grievance procedures or when officials themselves have not complied with the administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). There is no evidence to indicate that Mr. Thurman was impeded from using the grievance process or that ADC officials failed to fully comply with their obligations under the prison's grievance procedures.

Defendants attach the affidavit of Barbara Williams, the ADC Grievance Supervisor, to their motion. (#15-1, #15-6) Ms. Williams testifies that Mr. Thurman filed three grievances between June 26, 2016 (the date of the incident giving rise to this lawsuit) and October 17, 2016 (the date the lawsuit was filed): Grievance NC-16-642, Grievance NC-16-751, and an unnumbered grievance. (#15-6 at p.3)

In Grievance NC-16-642, Mr. Thurman complained that he was improperly left in

wrist and leg restraints for multiple hours after having a seizure on June 26. (#15-3 at p.1) Although Mr. Thurman did not identify any of the named Defendants in Grievance NC-16-642, the Warden/Center Supervisor's Decision addressing the grievance did refer to Defendants Queen, Downing, and Spurlock. Mr. Thurman appealed Grievance NC-16-642, but it was rejected because Mr. Thurman did not include the Warden/Center Supervisor's Decision (Attachment III) to his grievance appeal. (#15-3 at p.2) Mr. Thurman concedes that he did not include the required attachment in his appeal. (#21, p.2)

In Grievance NC-16-751, Mr. Thurman again complained that he was improperly restrained following his June 26 seizure. (#15-4 at p.1) As with his earlier grievance, Mr. Thurman did not identify any of the named Defendants in that grievance. The grievance was rejected as untimely because it was not filed within 15 days of the alleged incident. (#15-4 at p.2)

In his third grievance, Mr. Thurman complained that Corporal Simon (not a party to this lawsuit) improperly left him in restraints following his June 26 seizure. (#15-5 at p.1) Once again Mr. Thurman failed to identify any of the Defendants in that grievance. The third grievance was denied as untimely. (*Id*.) An untimely grievance obviously fails to comply with the prison's grievance procedure.

In response to the Defendants' motion, Mr. Thurman contends that "the supervisory authorities have used technical methods to not have to address plaintiff's

4

excessive force violations and the injuries." (#21 at p.2) He does not offer any evidence, however, to indicate that any ADC officials interfered with his ability to fully exhaust his administrative remedies. And he admits that his appeal of grievance NC-16-642 was rejected because he did not attach all necessary papers. (*Id*.)

Mr. Thurman also argues that ADC inmates are routinely retaliated against for filing grievances. (#21 at p.4) This is not a retaliation lawsuit, but rather, a lawsuit about Mr. Thurman's claims that the Defendants used excessive force when they left him in handcuffs after a seizure. Retaliation claims cannot be added at this stage of the lawsuit.

Finally, Mr. Thurman argues that he fully exhausted grievance NC-16-751. That grievance, however, was filed on August 2, more than fifteen days after the incident and, therefore, beyond the period allowed for filing a grievance. It was rejected at the unit level as untimely. (#15-4 at p.2) ADC staff members never addressed the merits of that grievance.

Because Mr. Thurman has failed to provide any evidence to contradict that provided by Defendants, he has failed to create a genuine issue of fact regarding exhaustion, and Defendants are entitled to judgment as a matter of law.

## IV.     Conclusion

The Court recommends that the Defendants' motion for summary judgment (#15) be GRANTED. Mr. Thurman's excessive-force claims against Defendants Queen, Downing, and Spurlock should be DISMISSED, without prejudice, based on his failure to

fully exhaust his administrative remedies.

    DATED this 28th day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE